UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| William Johnson,<br><br>                              **Plaintiff,**<br><br>-against-<br><br>J & N Construction Group Corp. and Roy Perdomo,<br><br>                              **Defendants.** | 1:24-cv-07857 (VEC) (SDA)<br><br><u>SCHEDULING ORDER FOR INQUEST</u> |

**STEWART D. AARON, United States Magistrate Judge:**

On March 14, 2025, District Judge Caproni entered a default judgment in favor of Plaintiff against defendant Roy Perdomo ("Perdomo") with damages to be determined at the conclusion of the case. (3/14/25 Order, ECF No. 38.) Plaintiff accepted an offer of judgment with respect to Defendant J & N Construction Group Corp. and judgment was entered on August 14, 2025. (Judgment, ECF No. 68.) On October 2, 2025, Plaintiff confirmed his intention to pursue a damages judgment against Perdomo. (Letter, ECF No. 68.) Thereafter, Judge Caproni entered an amended referral Order referring this case to me for an inquest. (Am. Referral Order, ECF No. 69.) Accordingly, IT IS HEREBY ORDERED as follows:

1. No later than October 17, 2025, Plaintiff shall file a submission regarding the relief he seeks with citations to appropriate legal authority.[1]

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel also should provide the number of years they have been admitted to the bar and their hourly rate.

2. Plaintiff shall serve Perdomo with a copy of the submission and, no later October 22, 2025, file proof of service on the docket. Plaintiff shall include with such service a copy of this Order.

3. Perdomo shall send to Plaintiff's counsel and file with the Court his response, if any, to Plaintiff's submission no later than November 5, 2025.

4. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that either party seeks an evidentiary hearing, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

DATED:   New York, New York
         October 3, 2025

_____
STEWART D. AARON
United States Magistrate Judge